UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RO'SEAN NEWSON | CIVIL ACTION |
| VERSUS | NO. 09-6595 |
| DAVID ALFORD - SERGEANT, ET AL. | SECTION: "S"(3) |

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Ro'sean Newson, a state prisoner, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. In this lawsuit, plaintiff has sued the State of Louisiana, as well as Sergeant David Alford, Lieutenant John Tullos, and Warden Robert Tanner in both their official and individual capacities. Plaintiff's claims, liberally construed, are that (1) he was the victim of excessive force at the hands of Alford and Tullos; (2) he has been subjected to retaliation by Alford for filing an administrative grievance; (3) Tullos and Tanner failed to protect plaintiff from Alford, a known abuser of black inmates; and (4) La.Rev.Stat.Ann. § 15:1186(B)(2)(a) is unconstitutional.

### Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that several of plaintiff's claims should be dismissed as frivolous or for seeking monetary damages against a defendant who is immune from such relief.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

### State of Louisiana

Plaintiff has named the State of Louisiana as a defendant. Plaintiff's claim against the state is barred by the Eleventh Amendment, the federal constitutional provision which prohibits a state's citizens from filing suit against the state in federal court unless the state has waived its sovereign immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted). Accordingly, the claims against the State of Louisiana should be dismissed without prejudice pursuant to the Eleventh Amendment for lack of jurisdiction. See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996); Tyson v. Tanner, Civ. Action No. 08-4445, 2009 WL 2899815, at *7 (E.D. La. Aug. 31, 2009)

### Official-Capacity Claims for Monetary Damages

Plaintiff also sued Sergeant David Alford, Lieutenant John Tullos, and Warden Robert Tanner in both their official and individual capacities. To the extent that plaintiff is seeking monetary damages against those defendants in their official capacities, those claims must be dismissed for the following reasons.

Alford, Tullos, and Tanner are employed at the B.B. "Sixty" Rayburn Correctional Center. They are therefore officials or employees of the Louisiana Department of Public Safety and Corrections. See, e.g., Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008

WL 2018294, at *3 (E.D. La. May 8, 2008). Because a claim against a state official or employee in his official capacity for monetary damages is actually a claim against the state itself, such claims are likewise barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Demouchet, 2008 WL 2018294, at *3.

Accordingly, the claims against Sergeant David Alford, Lieutenant John Tullos, and Warden Robert Tanner in their official capacities for monetary damages should also be dismissed without prejudice pursuant to the Eleventh Amendment for lack of jurisdiction. See Warnock, 88 F.3d at 343 (5th Cir. 1996); see also Hodge v. B.B. Sixty Rayburn Corr. Center, Civ. Action No. 08-3193, 2008 WL 4628586, at *3 (E.D. La. Oct. 16, 2008).[2]

## La.Rev.Stat.Ann. § 15:1186(B)(2)(a)

To the extent that plaintiff is asserting a claim that La.Rev.Stat.Ann. § 15:1186(B)(2)(a) is unconstitutional, that claim should be dismissed as frivolous for the reasons set forth in detail in Mahogany v. La.R.S. 15:1186(A)(2) and (B)(2)(a), Civ. Action No. 07-1280, 2007 WL 1851941, at *2-6 (E.D. La. June 27, 2007), aff'd, 262 Fed. App'x 636 (5th Cir. 2008), cert. denied, 129 S.Ct. 53 (2008). See also Clifford v. Louisiana, No. 08-30757, 2009 WL 2870156, at *2 (5th Cir. Sept. 8, 2009).

---

[2] This recommendation does not extend to any claims against Alford, Tullos, and Tanner in their official capacities for prospective declaratory or injunctive relief. The Eleventh Amendment does not bar a claim against a state official or employee in his official capacity where the relief sought is declaratory or injunctive in nature and prospective in effect. Aguilar v. Texas Department of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998). This report likewise makes no recommendation regarding the claims asserted against Alford, Tullos, and Tanner in their individual capacities. At least at this point, those claims should be allowed to proceed.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment for lack of jurisdiction.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Sergeant David Alford, Lieutenant John Tullos, and Warden Robert Tanner in their official capacities for monetary damages be **DISMISSED WITHOUT PREJUDICE** pursuant to the Eleventh Amendment for lack of jurisdiction.

It is **FURTHER RECOMMENDED** that plaintiff's claim challenging the constitutionality of La.Rev.Stat.Ann. § 15:1186(B)(2)(a) be **DISMISSED WITH PREJUDICE** as frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirteenth day of October, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**