UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RO'SEAN NEWSON | CIVIL ACTION |
| VERSUS | NO. 09-6595 |
| DAVID ALFORD - SERGEANT, ET AL. | SECTION: "S" (3) |

## O R D E R

Although this case is still at the preliminary screening stage and the defendants have not yet even been served, plaintiff has filed numerous motions. The Court now disposes of those motions as follows.

Plaintiff has filed a "Request to File Proof of Exhaustion" in support of his contention that he exhausted his administrative remedies. Rec. Doc. 6. That motion is **GRANTED**.

Plaintiff has also filed a "Motion to File Documents" in connection with a motion for a temporary restraining order and preliminary injunction. Rec. Doc. 9. The motion to file those documents is likewise **GRANTED**.

Plaintiff has filed a Request for Appointment of Counsel." Rec. Doc. 7. "A district court should appoint counsel in a civil rights case only if presented with *exceptional* circumstances." Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added). Having considered that fact, as well as the factors set forth in Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), the

Court finds that appointment of counsel is not warranted. As noted in the Partial Report and Recommendation previously issued, several of plaintiff's claims are subject to immediate dismissal. Moreover, plaintiff's remaining claims are neither factually nor legally complex, and there is no indication that extensive discovery or investigation will be required or that a trial, if one is necessary, will require skills beyond plaintiff's capabilities. Plaintiff has represented himself ably to this point, as evidenced by his detailed complaint and numerous motions. The Court is convinced that he possesses sufficient skills to litigate his claims. Accordingly, plaintiff's motion for appointment of counsel is **DENIED**.

Plaintiff has also filed a "Petition for TRO/PI." Rec. Doc. 8. Despite plaintiff's request for a temporary restraining order, his motion must be construed solely as one for a preliminary injunction because the relief he seeks would extend beyond the ten-day limit of a temporary restraining order. Neal v. Federal Bureau of Prisons, 76 Fed. App'x 543, 545 (5th Cir. 2003).

Under the law of this Circuit, plaintiff must make a clear showing that his case satisfies the following four criteria before he can receive a preliminary injunction: (1) a substantial likelihood exists that plaintiff will succeed on the merits of his claim; (2) a substantial threat of irreparable harm exists if the injunction is not granted; (3) the threatened injury outweighs any harm to the defendants if the injunction is granted; and (4) the injunction will not undermine the public interest. See Valley v. Rapides Parish School Board, 118 F.3d 1047, 1051 (5th Cir. 1997); see also Ingebresten v. Jackson Public School District, 88 F.3d 274, 278 (5th Cir. 1996); Doe v. Duncanville Independent School District, 994 F.2d 160, 163 (5th Cir. 1993); Holland American Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985). The movant must satisfy all four factors; a

failure to satisfy even one of the four factors requires a denial of the preliminary injunction. See Mississippi Power & Light v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985).

The United Stated Fifth Circuit Court of Appeals has frequently cautioned that a preliminary injunction is an "extraordinary remedy," which should be granted only if the movant has clearly carried the burden of persuasion on all four of the above prerequisites. See, e.g., Cherokee Pump & Equipment Inc. v. Aurora Pump, 38 F.3d 246, 249 (5th Cir. 1994). As a result, "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule." Id.; see also House the Homeless, Inc. v. Widnall, 94 F.3d 176, 180 (5th Cir. 1996).

That extraordinary remedy is not warranted in this case. The Court finds that plaintiff has failed to make a clear showing on any of the four required criteria for a preliminary injunction. Moreover, the relief sought would seriously disrupt the ability of prison officials to perform their administrative and security functions, and such extreme relief simply is not warranted on the showing made. Accordingly, plaintiff's motion for a temporary restraining order and preliminary injunction is **DENIED**.

Lastly, plaintiff has filed an "Application for Writ of Habeas Ad Testificandum." Rec. Doc. 10. That motion is **DENIED**.

New Orleans, Louisiana, this sixteenth day of October, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDG**