UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RO'SEAN NEWSON | CIVIL ACTION |
| VERSUS | NO. 09-6595 |
| DAVID ALFORD - SERGEANT, ET AL. | SECTION: "S"(3) |

## REPORT AND RECOMMENDATION

Plaintiff, Ro'sean Newson, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. In this lawsuit, he sued the State of Louisiana, as well as Sergeant David Alford, Lieutenant John Tullos, and Warden Robert Tanner in both their official and individual capacities.

The undersigned previously screened the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Based on that screening, a report was issued recommending that plaintiff's claims against the State of Louisiana and against Sergeant David Alford, Lieutenant John Tullos, and Warden Robert Tanner in their official capacities for monetary damages be dismissed without prejudice pursuant to the Eleventh Amendment for lack of jurisdiction. It was further recommended that plaintiff's claim challenging the constitutionality of La.Rev.Stat.Ann. § 15:1186(B)(2)(a) be

dismissed with prejudice as frivolous.[1] The United States District Judge adopted that Partial Report and Recommendation on December 4, 2009.[2]

The parties have since filed cross-motions for summary judgment with respect to the remaining claims.[3] The undersigned will now address those motions.

Turning first to defendants' motion, that motion is premised on a contention that this federal *in forma pauperis* complaint should be dismissed as "malicious" because it duplicates a pending lawsuit plaintiff filed in state court. See 28 U.S.C. § 1915(e)(2)(B)(i). The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted). A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Id. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 20.

[3] Rec. Docs. 21 and 27.

It is clear that the instant federal lawsuit duplicates plaintiff's pending lawsuit in state court, a fact which even he acknowledged in his federal complaint.[4] Moreover, in connection with their motion, defendants submitted a copy of the state court petition showing that both that lawsuit and the instant federal action concern the same events and facts, i.e. the alleged use of excessive force on April 2, 2009. At the time this federal complaint was filed, that state lawsuit was pending, although it had been temporarily stayed pursuant to La.Rev.Stat.Ann. § 15:1186(B)(2)(a).[5]

The critical question, therefore, is whether a federal lawsuit is "malicious" if it duplicates a pending state lawsuit. Although not discussed in the original Partial Report and Recommendation issued in this case, the undersigned considered that issue in the initial screening but declined to recommend a *sua sponte* dismissal on that basis because there was no clear precedent in this Circuit on that point. Indeed, the cases of which the Court was aware and even the cases cited by defendants in their instant motion involve a different scenario, namely where a federal lawsuit duplicates a prior *federal* lawsuit. Those cases did not clearly stand for the proposition that a federal lawsuit which duplicates a prior *state* lawsuit is "malicious." Moreover, parallel federal and state litigation is not generally impermissible. See, e.g., Growe v. Emison, 507 U.S. 25, 32 (1993) ("Of course federal courts and state courts often find themselves exercising concurrent jurisdiction over the same subject matter, and when that happens a federal court generally need neither abstain (*i.e.*, dismiss the case before it) nor defer to the state proceedings (*i.e.*, withhold action until the state proceedings have concluded)."); Moses H. Cone Memorial Hospital v. Mercury Construction

---

[4] Rec. Doc. 1, pp. 1-2 and 6.

[5] Rec. Doc. 1, pp. 2 and 6; see also Rec. Doc. 32.

Corporation, 460 U.S. 1, 16 (1983) ("[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.").

That said, the United States Fifth Circuit Court of Appeals has since expressly addressed the issue presented here. On February 4, 2010, the Court of Appeals held that when an *in forma pauperis* federal complaint duplicates a lawsuit pending in another forum, *including a state court*, it is appropriate to dismiss the federal lawsuit without prejudice as malicious. McBride v. Powers, No. 09-20241, 2010 WL 445519, at *4 (5th Cir. Feb. 4, 2010).[6] In light of that decision, it is apparent that defendants' motion should be granted, plaintiff's cross-motion should be denied, and plaintiff's remaining claims should be dismissed without prejudice as malicious.

## RECOMMENDATION

It is therefore **RECOMMENDED** that defendants' motion for summary judgment, Rec. Doc. 27, be **GRANTED** and that plaintiff's remaining claims be **DISMISSED WITHOUT PREJUDICE** to their prosecution in his lawsuit in state court.

It is **FURTHER RECOMMENDED** that plaintiff's motion for summary judgment, Rec. Doc. 21, be **DENIED**.

---

[6] In McBride, the Fifth Circuit noted that the prisoner's state court lawsuit had subsequently been dismissed; however, it found that fact to be immaterial. "[T]he eventual dismissal of McBride's state-court lawsuit does not change the fact that his federal lawsuit was malicious at the time it was filed and subsequently dismissed." 2010 WL 445519, at *4 n.1.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this seventeenth day of February, 2010.

*Daniel E. Knowles, III*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.